IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MARTIN,

    Petitioner,   No. CIV-S-09-1915 FCD EFB (TEMP) P

vs.

MIKE KNOWLES,

    Respondent.   FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He was convicted in 1989 in Sacramento County of nine counts of rape, three counts of sodomy and two counts of oral copulation. He was ordered to serve eight years imprisonment on each count with the terms to be served consecutively. Petitioner's only claim is that his sentence violates the Sixth Amendment because he was given the upper of three possible terms of imprisonment on each count without a jury finding that the upper term is warranted. Respondent moves to dismiss asserting that petitioner's claim is time-barred.

    The statute of limitations applicable to this action is as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations was enacted on April 24, 1996 and the limitations period described cannot have commenced until the next day. *E.g. Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1059 (9th Cir. 2007).

It appears that the limitations period applicable to this action did commence on April 25, 1996 pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner argues that commencement occurred later, under § 2244(d)(1)(c)), noting that the right he asserts here was initially recognized by the Supreme Court in 2007. The claim that he presents in his habeas petition relies on the case of *Cunningham v. California*, 549 U.S. 270 (2007), which was not decided until January 22, 2007. However, the Ninth Circuit Court of Appeals held in *Butler v. Curry*, 528 F.3d 624, 636 (2008) that the Supreme Court did not recognize a new Constitutional right in *Cunningham*. Thus, section 2244(d)(1)(c) does not assist him.

Neither is the petition saved by tolling. Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." 28 U.S.C. § 2244(d)(2). Petitioner filed one such a

////

////

2

application on June 20, 1996.[1]  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), Lodg. Doc. 3.  The petition was denied on June 9, 1997.  Lodg. Doc. 4.  This action was not commenced until November 17, 2008.[2]  Because there is no other statutory basis for tolling of the applicable limitations period,[3] this action is time-barred unless "equitable tolling" applies.

The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Petitioner must show that the alleged extraordinary circumstance was the actual cause of his being untimely.  *Allen v. Lewis*, 255 F.3d 798, 801 (9th Cir. 2001) *reh'g en banc,* 295 F.3d 1046.  It is petitioner's burden to show that he is entitled to equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Petitioner asserts that he is unable to write or type due to "deformities and his physical disability."  Opp'n at 3.  He also asserts that prison officials have failed to provide petitioner with legal assistance and that he does not have sufficient funds to seek professional legal assistance.  Further, he claims that he must rely on the "charity and mercy of other prisoners to prepare his legal documents."  Opp'n at 4.

Assuming petitioner cannot write or type, petitioner still has not adequately explained why his habeas petition was approximately ten years late.  It is not clear whether petitioner's functional limitations are ones that he has suffered since he was convicted or it is a more recent development.  However, a review of the record reveals that between 1996 and March of 2008, petitioner filing seven applications for collateral relief in state court.  Lodg. Docs. 3-16.  There is

---

[1] Documents filed by prisoners in court are generally deemed filed on the day they were served.  *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

[2] *See* note 1.

[3] Petitioner filed other petitions for collateral relief, Lodg. Docs. 5-16, but they were all filed after the limitations period expired (absent equitable tolling which is discussed below).

no explanation given as to why his physical and other functional challenges did not prevent him for commencing those actions, yet did prevent him from filing this action until almost the end of 2008.  While the court assumes that petitioner's disabilities were a hindrance to petitioner filing on time, petitioner has not shown, nor even alleged, they were the actual cause of him filing ten years late.

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dckt. No. 22) be granted;

2. Petitioner's application for a writ of habeas corpus be dismissed; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE